# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

NATHAN LING,                          )
                                      )
                 Plaintiff,           )
                                      )
        v.                            )   Civ. No.:_____
                                      )   **JURY DEMANDED**
**CAMPBELL COUNTY, TENNESSEE;**       )
**JUSTIN CRABTREE; DAKOTA WILLIAMS;** )
**SEAN BROWN; JOSHUA MILLER** in their )
individual and official capacities; and )
**JOHN DOES**, names and identities not yet )
known, charged with failure to provide medical )
treatment to Plaintiff and/or involved in the )
use of excessive force against Plaintiff Nathan )
Ling,                                 )
                                      )
                 Defendants.          )

---

## COMPLAINT

---

Comes the Plaintiff, Nathan Ling, and for cause of action against the Defendants would show as follows:

## I. PARTIES

1.      Plaintiff Nathan Ling is a citizen and resident of Wayne County, Michigan.

2.      Defendant Campbell County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: E. L. Morton, County Mayor, 570 Main Street, Jacksboro, Tennessee 37757.

3.      Defendant Justin Crabtree is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 668 Ridge Road, Caryville, Tennessee 37714.  At all times material, Defendant Crabtree was employed and/or serving as a Deputy with the Campbell

1

County Sheriff's Department and was acting under color of state law. Deputy Crabtree is being sued both in his individual capacity and in his official capacity.

4. Defendant Dakota Williams is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 115 Watertown Lane, Jacksboro, Tennessee 37757. At all times material, Defendant Williams was employed and/or serving as a Deputy with the Campbell County Sheriff's Department and was acting under color of state law. Deputy Williams is being sued both in his individual capacity and in his official capacity.

5. Defendant Sean Brown is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 136 Wood Lane, Jacksboro, Tennessee 37757. At all times material, Defendant Brown was employed and/or serving as a Corporal with the Campbell County Sheriff's Department and was acting under color of state law. Corporal Brown is being sued both in his individual capacity and in his official capacity.

6. Defendant Joshua Miller is a citizen and resident of Claiborne County, Tennessee and can be served at his last known address: 2064 Tiprell Road, Apt. 4, Cumberland Gap, Tennessee 37724. At all times material, Defendant Miller was employed and/or serving as a Correctional Officer with the Campbell County Sheriff's Department and was acting under color of state law. Correctional Officer Miller is being sued both in his individual capacity and in his official capacity.

7. Upon information and belief, the numerous unknown "John Doe" Defendants were involved in the claims of excessive force and failure to provide adequate medical care for serious medical needs for which immediate care was essential and vital. However, because of the County's malfeasance, the names of all "John Doe" Defendants are currently unknown to this Plaintiff or his counsel. Once such identities are discovered, Plaintiff will move to amend his

complaint to name the individual defendants. At all times material hereto, the yet unidentified individual defendants were acting under color of state law.

## II. STATEMENT OF JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

9. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Additionally, diversity jurisdiction also exists based upon diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332.

## III. STATEMENT OF FACTS

12. Plaintiff, Nathan Ling, was arrested and charged with evading arrest on June 1, 2019. The underlying arrest was made based on a call from a citizen's 911 report of a suspicious vehicle in the area of Wildwood Circle in LaFollette, Tennessee.

13. When the Campbell County Sheriff's Department, including but not limited to Deputy Crabtree, responded to the 911 call, they identified the vehicle and found three occupants, Nathan Ling, Kaitlyn McDaniel, and Jaevon Dayshawn Jones inside.

14. During the investigation, the Campbell County Sheriff's Department discovered that the suspect vehicle had been reported stolen in the State of Michigan. Ms. McDaniel admitted to taking the vehicle from her grandparents without their permission.

15.     Further, during the investigation, it was discovered that active felony warrants were pending against Mr. Ling in the State of Michigan.  In response, a deputy with the Campbell County Sheriff's Department attempted to place Mr. Ling in custody.

16.     Mr. Ling then attempted to flee the scene and was chased by two Campbell County deputies.

17.     During the pursuit, Mr. Ling fell and was injured and was apprehended by the deputies who then placed him into custody.

18.     In response to Mr. Ling's fall, the Campbell County Sheriff's Department called EMS personnel to the scene to evaluate his medical condition.  During the examination, Mr. Ling became combative with paramedics and deputies.

19.     Ultimately, Mr. Ling was cleared by EMS personnel and was transported by Deputy Crabtree from the scene to the Campbell County Correction Center arriving at approximately 12:30 a.m. on June 2, 2019.

20.     For all times material, Mr. Ling was restrained by handcuffs with his hands behind his back.

21.     Upon arrival, Deputy Crabtree removed Mr. Ling from the back seat of his cruiser and then threw him in a negligent, reckless and/or violent manner toward the floor of the sally port.

22.     Deputy Crabtree then negligently, recklessly and/or violently shoved Mr. Ling against the wall and door at the jail's entrance before entering the jail's intake area.

4



23.     Once inside the intake area, Deputy Crabtree is then accompanied by at least two correctional officers with the Campbell County Sheriff's Department, including but not necessarily limited to Correctional Officer Joshua Miller and Corporal Sean Brown.

24.     Deputy Crabtree then placed one hand on Mr. Ling's left arm and one behind his neck; positioned Mr. Ling to face the intake counter and window; and then, with intense and overwhelming force, recklessly and violently slammed the handcuffed Mr. Ling's head against the counter and metal window frame no less than two (2) times. These reckless and violent acts of excessive force were committed in clear view of both Correctional Officer Miller and Corporal Brown.

5



25.    Following this unprovoked and unnecessary negligent, reckless and/or violent use of force, Mr. Ling was handed over to Correctional Officer Miller and Corporal Brown.

26.    Upon being placed in the control of Correctional Officer Miller and Corporal Brown, Mr. Ling attempted to raise himself up from the intake counter.  Deputy Crabtree then assisted Correctional Officer Miller and Corporal Brown in recklessly and violently slamming Mr. Ling to the floor of the Campbell County Correction Center's intake room.



27.     While the handcuffed Mr. Ling was restrained on the floor, Deputy Crabtree proceeded to negligently, recklessly and/or violently strike Mr. Ling in the face no less than two (2) times.  As a result of these blows, Mr. Ling's nose began to profusely gush blood onto the floor.  At no time during this assault was Mr. Ling resisting or in any position to threaten the officers or others.



28.     Correctional Officer Miller, Corporal Brown, and Deputy Williams then joined in with Deputy Crabtree, all pinning Mr. Ling to the floor despite no indication of resisting. Corporal Brown and Deputy Williams then engaged in the continuing and unnecessary assault of the heavily-restrained and already hand-cuffed and subdued Mr. Ling as he lay bleeding, severely injured and helpless on the floor.



29.     While Mr. Ling was laying beaten, injured, restrained, and in a pool of his own blood, the law enforcement officers negligently, recklessly, and/or violently further degraded him as they applied unnecessary pressure to this body including, but not limited to, his head, neck, back and lower extremities. Additionally, Deputy Crabtree pressed his tactical boot into Mr. Ling's thoracic spine.

30.     Upon information and belief, while Mr. Ling was laying beaten, injured, restrained, and in a pool of his own blood, Corporal Brown then proceeded to negligently, recklessly, and/or violently sprayed Mr. Ling with some type of chemical agent.

31.    A spit mask was then placed over Mr. Ling's head with the assistance of a fifth unidentified Correctional Officer.  While he was still laying on the floor of the Campbell County Correction Center's intake room, shirtless, beaten, and bloody, Deputy Crabtree appeared to take a photograph of Mr. Ling in this degrading and emasculating position while the remaining Correctional Officers appear to be posing for the photo.

32.    Upon information and belief, Deputy Crabtree took this photo with his personal cell phone and disseminated it to yet unidentified individuals within the Campbell County Sheriff's Department.  The whereabouts of the photo and cell phone are currently unknown.





33.     At approximately 12:43, Mr. Ling was finally taken from the intake room to the

Campbell County Correction Center's decontamination area with the assistance of Correctional

Officer Miller, Corporal Brown, Deputy Crabtree, Deputy Williams, and as of yet, an unidentified

officer included as one of the John Doe's identified in the caption of this Complaint.



34.     While in the decontamination area, Mr. Ling laid virtually motionless, showing no signs of life other than occasionally spasming involuntarily.  He was negligently and/or recklessly left without medical attention for over six (6) hours.



35.     After approximately an hour, Mr. Ling began to regain some indicia of consciousness and attempted to sit up and remove the spit mask.



11

36.     After removing the mask, Mr. Ling moved aimlessly within the confines of the decontamination area despite his serious and life-threatening injures before finally laying in a fetal position on the concrete floor.  As Mr. Ling lay motionless, going in and out of consciousness, he lost control of his bladder function and urinated on himself.



37.     Over the next few hours, unidentified correctional officers would enter the doorway of the decontamination area and look inside, but each officer negligently and/or recklessly failed to physically check on Mr. Ling despite his serious and obvious distress.

38.     Mr. Ling was negligently and/or recklessly provided no medical attention from the brutal injuries he sustained at the hands of the Campbell County deputies from approximately 12:30 a.m., when the beating began, until after 7:20 a.m. shift change, a period of approximately seven (7) hours.

39.     Upon information and belief, the Campbell County Correction Center contracted with Quality Correctional Health Care (QCHC) to provide medical care and treatment to inmates

housed in the facility. Moreover, upon information and belief, the Campbell County Sheriff's Department's contract for medical services with QCHC did not provide for a medical provider to be present at the facility from the hours of 10:00 p.m. through 6:00 a.m.

40.     Upon the shift change, multiple officers, and at least one QCHC medical provider entered the decontamination area where Mr. Ling was given a medical evaluation. The first medical attention he received was not until approximately 7:20 a.m.



41.     Upon information and belief, Corporal Brown also photographed Mr. Ling while he laid helpless and prostrate in the decontamination area and later while Mr. Ling was receiving medical treatment, including at least one photo while Mr. Ling was breathing with the assistance of a ventilator. Upon information and belief, Corporal Brown took these photographs with his personal cell phone and disseminated these photos to yet unidentified individuals within the Campbell County Sheriff's Department. The whereabouts of the photos or the cell phone are currently unknown.

13

42. In response to his serious and life-threatening injuries, Mr. Ling was transported to the emergency department at LaFollette Medical Center; however, his injuries were so severe he was airlifted to the University of Tennessee Medical Center where he was diagnosed with a pneumothorax (collapsed lung); orbital fracture (bones surrounding the eye socket); maxillary fracture (bridge between the cranial base and the dental plate); nasal bone fracture; closed fracture of the greater tuberosity of the left humerus (prominent area of bone at the top of the long bone that runs from the shoulder to the elbow); and traumatic brain injury. Mr. Ling still suffers and will continue to permanently suffer both physically and mentally from the life threatening injuries inflicted upon him by the Defendants.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. § 1983
### Fourteenth Amendment Violation – Excessive Force; Deliberate Indifference to Plaintiff's Right to Adequate Medical Treatment for a Serious Medical Need

### Individual Liability

43. Plaintiff hereby incorporates paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the United States of America.

45. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendants from using excessive force against a pre-trial detainee in Campbell County Correctional Center.

14

46.     Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

47.     The Fourteenth Amendment to the United States Constitution also requires that a pre-trial detainee be provided adequate medical care while in the custody of any governmental entity.

48.     Deliberate indifference to the serious medical needs of a pre-trial detainee violates the Due Process Clause of the Fourteenth Amendment where treatment is delayed or denied when an objectively reasonable person would conclude that medical treatment was needed based upon the facts and circumstances there present.

49.     Upon information and belief, Deputy Crabtree negligently, recklessly and/or violently slammed Mr. Ling to the floor, into a wall, counter top, window frame, then joined by Deputy Williams and Corporal Brown, negligently, recklessly and/or violently threw Mr. Ling to the ground, punched him in and about his face, applied pressure over his entire body, sprayed him with a chemical agent, placed a spit mask over his head while he was prostrate and restrained with handcuffs behind his back lying in a pool of his own blood, and then humiliated him further by taking degrading and emasculating photographs of him in this bruised, bloody and battered state.

50.     Any reasonable observer, given the facts and circumstances of this beating, would come to the unavoidable conclusion that these Defendants' conduct was objectively unreasonable so as to be unacceptable in a civilized society and shocking to the conscience.  On any objective scale, the actions and conduct of the individual Defendants constitute an arbitrary and capricious exercise of governmental power and constitute excessive force in violation of the Due Process Clause of the Fourteenth Amendment.

15

51.     In addition, these individual Defendants as well as the John Doe Defendant(s) officers had actual knowledge of the shocking and sustained assault based upon their participation and observing the assault as captured by video (above inserted screenshots are taken directly from footage captured by the Campbell County Correction Center's own video monitoring system and the complete video footage is attached hereto as Exhibit 1). They directly observed and did not interfere with the brutal acts of their coworker Defendants who assaulted Mr. Ling.

52.     Moreover, the individual Defendants were aware that Mr. Ling was suffering a serious medical condition as a direct result of the negligence, recklessness and/or violent acts committed upon the person of Mr. Ling; and they were or should have been aware that he was in need of immediate and urgent medical care. Each of the individual Defendants and John Doe Defendants were directly instrumental and complicit in the negligent and/or reckless unreasonable delay and/or denial of immediate and adequate medical attention.

53.     Upon information and belief, the John Doe Defendant(s) had actual knowledge of the negligent, reckless and/or violent acts on Mr. Ling carried out by Deputy Crabtree, Deputy Williams, Correctional Officer Miller, Corporal Brown; they also had actual knowledge of his medical condition from the video of the incident and Mr. Ling's complaints of pain and suffering. These unidentified John Doe Defendants thus had actual knowledge of Mr. Ling's condition, and they negligently and/or recklessly refused to afford him the emergency medical care that he required by forcing him to suffer for approximately seven (7) hours until the next shift arrived.

54.     Mr. Ling was in severe pain during this time, but he received no care whatsoever for approximately seven (7) hours in violation of his due process rights under the Fourteenth Amendment to the United States Constitution.

55.    As a result of the Deputies and Correctional Officers' deliberate indifference to Mr. Ling's right to be free from excessive force and to be afforded adequate medical care for a serious medical need, Mr. Ling was severely injured as noted hereinbefore.

56.    Plaintiff therefore sues the individual officers for their deliberate indifference to and violation of his right to be free from excessive force and to his right to adequate medical care for a serious medical need.  He seeks the following relief:

    a.    Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment and disabilities, and loss of enjoyment of life;

    b.    Attorney's fees pursuant to 42 U.S.C. § 1988.

## Municipal Liability

57.    Plaintiff hereby incorporates paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.    The Due Process Clause of the Fourteenth Amendment prohibits Defendant Campbell County, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the municipality.

59.    Upon information and belief, Campbell County is liable to Mr. Ling pursuant to 42 U.S.C. § 1983 based on its history of prior incidences where its officers negligently, recklessly

17

and/or violently used excessive force against arrestees, inmates, and pre-trial detainees. This history of similar incidences constitutes a custom thereby rendering the county liable.[1]

60.     Upon information and belief, Campbell County negligently and/or recklessly failed to adequately train its officers for proper tactics and procedures when said officers encounter pre-trial detainees who are restrained and handcuffed behind their backs. Upon information and belief, Campbell County has negligently and/or recklessly failed to adequately train its officers who observe other officers engaging in excessive force as to their duty to intervene.

61.     Upon information and belief, the individual Defendants' negligent and/or reckless assault of Mr. Ling was a direct result of this negligent and/or improper training, the lack of sufficient policies and procedures, and/or custom. Upon information and belief, had the officers been properly trained, they would have employed other tactics in dealing with Mr. Ling which would not have resulted in life altering injuries.

62.     In this case, the individual Defendants' negligent, reckless and/or violent use of force against the restrained and compliant Mr. Ling evidences a negligent and reckless lack of training in proper procedures and methods related to dealing with individuals such as Mr. Ling.

63.     Additionally, a governmental entity may be held liable where its supervisory officials and officers ratify an illegal action of lower-tier officers and employees.

64.     Upon information and belief, supervisory officers and officials of Campbell County, Tennessee, including but not necessarily limited to the Sheriff's Department and the Sheriff, engaged in a reckless and/or negligent attempt to avoid further liability and embarrassment

---

[1] Jackson v. State of Tennessee, No.:3:04-cv-344 (filed Aug. 5, 2004 E.D. Tenn.);
Siler v. Webber, No.: 3:05-cv-341 (filed July 6, 2005 E.D. Tenn.);
Harvey v. Campbell County, No.: 3:07-cv-22 (filed Dec. 21, 2006 E.D. Tenn.);
Goins v. Campbell County, No.: 2:17-cv-104 (filed June 28, 2017 E.D. Tenn.).

18

by not pursuing criminal charges and/or disciplinary actions against Officer Williams and Corporal Brown as well as any unidentified John Doe Defendant(s) for their involvement in the assault, and the negligent and/or reckless denial and/or delay in providing adequate healthcare to Mr. Ling who was in serious need of medical attention following the officers' negligent and/or reckless assault.

65.     These actions of the supervisory officers/officials constitute ratification under section 1983 precedent, and likewise render Campbell County liable to Mr. Ling.

66.     Upon information and belief, the Campbell County Sheriff's Department maintained policies and procedures which directly and proximately led to the denial of adequate medical care for the serious injuries suffered by Mr. Ling due to the Department's inadequate contract with QCHC which did not provide for a trained medical professional to be present at the Campbell County Correction Center between the hours of 10:00 p.m. through 6:00 a.m. This encompasses the time in which Mr. Ling was beaten and in dire need of the medical attention QCHC was contracted to provide.

67.     Campbell County is liable to Mr. Ling because its customs, policies, and procedures were the proximate cause of the individual officers' deliberate indifference to Mr. Ling's constitutional right to be free from the use of negligent, reckless and excessive force and to his right to adequate and timely medical treatment for a serious medical need.

68.     Mr. Ling therefore sues Campbell County and seeks the following relief:

     a.     Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment and disabilities, and loss of enjoyment of life; and

     b.     Attorney's fees pursuant to 42 U.S.C. § 1988.

19

## B. Tenn. Code Ann. § 29-20-202 et seq.
## Tennessee Governmental Tort Liability Act – Negligence

69.     Plaintiff hereby incorporates paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     Campbell County was at all times hereto responsible for the operation and the supervision of its Correction Center, its deputies, its employees and/or agents.

71.     Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed Mr. Ling a duty of care to be free from excessive force and to provide him with adequate medical care while he was detained.

72.     These Defendants breached the duty of care as set forth herein and are therefore liable to Mr. Ling pursuant to the Act.

73.     Mr. Ling sues these Defendants under the Act for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

## C. Intentional, Reckless, and/or Negligent Infliction of Emotional Distress Claim
## Against Individual Defendants

74.     Plaintiff hereby incorporates paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     As described above, the conduct of Defendants Crabtree, Williams and Brown along with the unnamed John Doe Defendants on June 2, 2019 was reckless, extreme and outrageous, including without limitation using malicious and excessive force against Mr. Ling without provocation or justification, humiliating him by taking a photographs of him while he was in a defenseless and impotent position, and inflicting serious physical harm to Mr. Ling and then

20

denying him medical attention for those injuries for over seven (7) hours while he suffered on the concrete and urinated on himself.

76.     Defendants recklessly, negligently and/or intentionally inflicted emotional distress upon Mr. Ling when engaging in this conduct, and/or knew that there was a high probability that such conduct would result in such distress.

77.     Defendants' negligent, reckless and/or intentional conduct caused Mr. Ling to suffer severe emotional distress that no reasonable person could be expected to endure.

78.     Mr. Ling sues these Defendants for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in an amount to be set by the jury.

## **V. PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Nathan Ling respectfully requests this Honorable Court grant relief as follows:

a.  Issue process, requiring the Defendants to answer this Complaint;

b.  Empanel a jury to try this cause;

c.  Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $25,000,000.00;

d.  Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;

e.  Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;

f.  Award costs of this action including discretionary costs;

g.  Award any other or further relief to which he may be entitled.

21

Respectfully submitted this 1st day of June, 2020.

/s/Marcos M. Garza
Marcos M. Garza (BPR 021483)
Jeffrey H. Glaspie (BPR 033311)
Jenny C. Rogers (BPR 018871)
Timothy L. Baldridge (BPR 015777)
**GARZA LAW FIRM, PLLC**
550 W. Main Street, Suite 340
Knoxville, TN 37902
E-mail: jeff@garzalaw.com
Phone: (865) 540-8300
Fax: (865) 474-9397