UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **NATHAN LING,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:20-cv-00233<br>) |
| **CAMPBELL COUNTY, TENNESSEE;**<br>**JUSTIN CRABTREE; DAKOTA WILLIAMS;**<br>**SEAN BROWN; JOSHUA MILLER** in their<br>individual and official capacities; and<br>**JOHN DOES,** names and identities not yet<br>known, charged with failure to provide medical<br>treatment to Plaintiff and/or involved in the<br>use of excessive force against Plaintiff Nathan<br>Ling, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER

COME NOW the defendants Campbell County, Tennessee, Dakota Williams, Sean Brown, and Joshua Miller, in their official capacities, and in response to the Complaint herein filed against them would say unto the Court as follows:

### I. PARTIES

1. Upon information and belief, these defendants admit the statements of residency in Paragraph 1 of plaintiff's complaint.

2. The statements in Paragraph 2 of plaintiff's complaint are admitted.

3. The statements in Paragraph 3 of plaintiff's complaint regarding residency are admitted. Defendants admit that Crabtree served as a Deputy with the Campbell County Sheriff's Department in his official capacity and acted under color of state law in that capacity.

4. The statements in Paragraph 3 of plaintiff's complaint regarding residency are admitted. Defendants admit that Dakota Williams served as a Deputy with the Campbell County Sheriff's Department in his official capacity and acted under color of state law in that capacity.

5. The statements in Paragraph 3 of plaintiff's complaint regarding residency are admitted. Defendants admit that Sean Brown was a Corporal in the jail division with the Campbell County Sheriff's Department in his official capacity and acted under color of state law in that capacity.

6. The statements in Paragraph 3 of plaintiff's complaint regarding residency are admitted. Defendants admit that Joshua Miller served as a Corrections Officer with the Campbell County Sheriff's Department in his official capacity and acted under color of state law in that capacity.

7. These defendants do not have information sufficient to respond to Paragraph 7 of plaintiff's complaint but would deny that the County failed to provide adequate medical care or its employees used excessive force.

## II. STATEMENT JURISDICTION

8. These defendants would assert that this Court has jurisdiction over any viable U.S.C. 42 § 1983 claims.

9. These defendants would admit venue exist in the United States District Court Eastern District of Tennessee.

10. These defendants would admit that this Court has supplemental jurisdiction over any viable state claims plaintiff has alleged but would assert that this Court should not exercise its jurisdiction with regard to these claims.

11. These defendants would admit the statements in Paragraph 11 of plaintiff's complaint.

### III. STATEMENT OF FACTS

12. The statements in Paragraph 12 of plaintiff's complaint are admitted.

13. The statements in Paragraph 12 of plaintiff's complaint are admitted.

14. The statements in Paragraph 12 of plaintiff's complaint are admitted.

15. The statements in Paragraph 12 of plaintiff's complaint are admitted.

16. The statements in Paragraph 12 of plaintiff's complaint are admitted.

17. It is submitted that Mr. Ling ran into the back of a pickup truck and was injured and apprehended by the deputies who placed him into custody.

18. The allegations of Paragraph 18 of plaintiff's complaint are admitted.

19. The allegations in Paragraph 19 of plaintiff's complaint of statement are admitted.

20. The defendants admit that Mr. Ling was restrained by handcuffs while transported to Campbell County Jail.

21. The statements in Paragraph 21 of plaintiff's complaint are denied.

22. The statements in Paragraph 21 of plaintiff's complaint are denied.

23. These defendants admit that Officers Miller and Brown accompanied Deputy Crabtree into the intake area.

24. The statements in Paragraph 24 of plaintiff's complaint are denied as written.

25. The statements in Paragraph 25 of plaintiff's complaint are denied.

26. The statements in Paragraph 26 of plaintiff's complaint are denied as written.

27. These defendants would admit that Crabtree struck Mr. Ling in the face. The remaining allegations in Paragraph 27 of plaintiff's complaint are denied.

28. The statements in Paragraph 28 of plaintiff's complaint are denied.

29. The statements in Paragraph 29 of plaintiff's complaint are denied.

30. The statements in Paragraph 30 of plaintiff's complaint are denied.

31. The statements in Paragraph 31 of plaintiff's complaint are denied.

32. The statements in Paragraph 32 of plaintiff's complaint are denied.

33. Upon information and belief, Plaintiff was taken to the decontamination area at approximately 12:43.

34. The statements in Paragraph 34 of plaintiff's complaint are denied.

35. The statements in Paragraph 35 of plaintiff's complaint are denied as written.

36. The statements in Paragraph 36 of plaintiff's complaint are denied.

37. The allegations in Paragraph 37 of plaintiff's complaint are denied.

38. The allegations in Paragraph 38 of plaintiff's complaint are denied.

39. The allegations in Paragraph 39 of plaintiff's complaint are admitted.

40. Upon information and belief, the statements in Paragraph 40 of plaintiff's complaint are denied as written

41. The statements in Paragraph 41 of plaintiff's complaints are denied.

42. These Defendants do not have information sufficient to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and strict proof is demanded thereof.

### IV.    CAUSES OF ACTION

#### A.    42 U.S.C. § 1983 INDIVIDUAL LIABILITY

43. These defendants incorporate their responses to Paragraphs 1 through 42 of plaintiff's complaint as if repeated verbatim herein.

44. The statements in Paragraph 44 of plaintiff's complaint are but a recitation of 42 U.S.C. § 1983 which speaks for itself; therefore, no response is required nor one given.

45. The allegations in Paragraph 45 of plaintiff's complaint are denied as to liability. The due process clause of the 14th Amendment speaks for itself.

46. These defendants assert that the 14th Amendment speaks for itself and there was no excessive force used in their official capacity.

47. These defendants would assert that the 14th Amendment speaks for itself and the plaintiff was provided adequate medical care.

48. These defendants would deny deliberate indifference to any serious medical need or violation of the due process clause of the 14th Amendment.

49. The allegations in Paragraph 49 of plaintiff's complaint are denied and strict proof is demanded thereof.

50. These defendants would assert there was no excessive force used in their official capacity.

51. The allegations in Paragraph 51 of plaintiff's complaint are denied.

52. The allegations in Paragraph 52 of plaintiff's complaint are denied.

53. These defendants cannot respond to Paragraph 53 of plaintiff's complaint as written.

54. The allegations in Paragraph 54 of plaintiff's complaint are denied.

55. The allegations in Paragraph 55 of plaintiff's complaint are denied.

56. These defendants deny plaintiff is entitled for the relief of that which he seeks in Paragraph 56 of plaintiff's complaint.

### V. MUNICIPAL LIABILITY

57. These defendants incorporate their responses to Paragraphs 1 through 56 of this complaint as if fully repeated verbatim herein.

58. These defendants would assert that the due process clause of the 14th Amendment speaks for itself. These defendants would further assert that they do not have any policy or procedure that would deprive any citizen of their constitutional rights and no immunity has been removed.

59. The allegations in Paragraph 59 of plaintiff's complaint are denied.

60. The allegations in Paragraph 60 of plaintiff's complaint are denied.

61. The allegations in Paragraph 61 of plaintiff's complaint are denied.

62. The allegations in Paragraph 62 of plaintiff's complaint are denied.

63. The allegations in Paragraph 63 of plaintiff's complaint are denied.

64. The allegations in Paragraph 64 of plaintiff's complaint are denied.

65. The allegations in Paragraph 65 of plaintiff's complaint are denied.

66. The allegations in Paragraph 66 of plaintiff's complaint are denied.

67. The allegations in Paragraph 67 of plaintiff's complaint are denied.

68. These defendants deny that plaintiff is entitled for the relief of that which he seeks in Paragraph 68.

### B. T.C.A. § 29-20-202 et seq TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

69. These defendants incorporate their response to Paragraphs 1 through 68 of plaintiff's complaint as if repeated verbatim herein.

70. The allegations of Paragraph 70 of the plaintiff's complaint are admitted.

71. The allegations of Paragraph 71 of plaintiff's complaint are admitted and would assert that duty was not breached.

72. The allegations of Paragraph 72 of plaintiff's complaint are denied.

73. These defendants would deny that plaintiff is entitled to that for which he requested in Paragraph 73 in his complaint.

### C. INTENTIONAL RECKLESS AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. These defendants incorporate their responses to Paragraphs 1 through 73 of plaintiff's complaint as if repeated verbatim herein.

75. The allegations in Paragraph 75 of plaintiff's complaint are denied; in the alternative any actions committed was in their individual capacity.

76. The allegations in Paragraph 76 of plaintiff's complaint are denied; in the alternative any actions committed was in their individual capacity.

77. The allegations in Paragraph 77 of plaintiff's complaint are denied; in the alternative any actions committed was in their individual capacity.

78. These defendants deny that Plaintiff is entitled to money damages.

### VI. PRAYER FOR RELIEF

1. These defendants deny that plaintiff is entitled to that for which he prays in his prayer for relief.

### AFFIRMATIVE DEFENSES

1. These defendants would assert that plaintiff's complaint fails to state a claim against them upon which relief can be granted.

2. These defendants rely on the provisions of the Tennessee Governmental Tort Liability Act as it relates to limits of liability.

3. These Defendants would aver that the Plaintiff has failed to show any action taken by these Defendants that would entitle him to recover under 42 U.S.C. § 1983.

4. At all times material, these Defendants acted in good faith within the mandates of both federal and state laws.

5. Any allegation in Plaintiff's Complaint which accuse these Defendants of any statutory violation or other acts are specifically denied.

6. These Defendants would assert that they have complied with the requirements of the State of Tennessee and the federal government with regard to the Plaintiff's constitutional rights.

7. These Defendants assert and rely upon all applicable defenses and immunities including, but not limited to, those enumerated in the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., the United States Constitution, the statutes of the United States including, but not limited to, 42 USC § 1983.

8. These Defendants deny that the Plaintiff suffered any injuries or damages as a proximate result of any negligent act or omission on their part.

9. These Defendants would assert that the Plaintiff has not shown that these Defendants committed any violation of the Plaintiff's constitutional rights or alleged any act that rises to the level of a federal question.

10. These Defendants would assert that the Plaintiff's allegations against Campbell County appear to be under the doctrine of *respondeat superior* which is inapplicable in cases of alleged governmental liability and as such Campbell County must be dismissed from this claim.

11. These Defendants would deny that they, at any time relevant, in any way, exhibited deliberate indifference to Plaintiff's medical needs.

12. Any allegations in the Plaintiff's Complaint which accuse these defendants of any statutory violations and/or other acts are specifically denied.

13. These Defendants would further aver that the acts complained of by the Plaintiff occurred within the scope of the Defendants' official duties and these Defendants are absolutely immune or have qualified immunity for the performance of said acts in such capacity and rely on any and all defenses and immunities contained in the Governmental Tort Liability Act pursuant to T.C.A. § 29-21-101 et seq..

14. The Defendant Campbell County specifically relies upon the provisions of the Governmental Tort Liability Act as they apply to discretionary functions. The Defendant Campbell County relies upon the limits of liability set forth in the Governmental Tort Liability Act.

15. These Defendants would aver that the Defendants acted reasonably and appropriately under the conditions existing at that time.

16. Any and all allegations of Plaintiff's statement of his claim not heretofore admitted, denied or explained are hereby denied.

17. These Defendants deny that the Plaintiff has suffered any damage as a proximate result of any actions taken or not taken by these Defendants.

18. These Defendants deny that Defendants' actions constitute excessive force or was the proximate cause of the Plaintiff's alleged injuries.

19. These Defendants would aver that the Plaintiff has not alleged any causal link against any policy or custom of Campbell County in the alleged deprivation of Plaintiff's rights.

20. These Defendants respectfully reserve the right to plead further according to the

Federal Rules of Civil Procedure and allege any other affirmative defenses that may be available to them as discovery takes place.

WHEREFORE, now having fully answered the Plaintiff's Complaint, these Defendants request the Court dismiss this claim with the costs taxed to the Plaintiff or in the alternative a jury to try those issues which it is permitted.

Respectfully submitted:

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw - 014082
Attorney for Defendants Campbell County, Tennessee, Dakota Williams, Sean Brown and Joshua Miller in their official capacities
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
(865) 673-8516

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2020, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Rhonda L. Bradshaw
Rhonda L. Bradshaw