| | |
|---|---|
| NATHAN LING, | ) |
|     Plaintiff, | ) Case No.: 3:20-cv-00233 |
| vs. | ) Judge Charles E. Atchley, Jr. |
| CAMPBELL COUNTY, TENNESSEE, et al. | ) Magistrate Judge H. Bruce Guyton |
|     Defendants. | ) |

## PLAINTIFF'S AMENDED COMPLAINT

Comes the Plaintiff, Nathan Ling, and for cause of action against the Defendants would show as follows:

### I. PARTIES

1. Plaintiff Nathan Ling is a citizen and resident of Wayne County, Michigan.

2. Defendant Campbell County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: E. L. Morton, County Mayor, 570 Main Street, Jacksboro, Tennessee 37757.

3. Defendant Justin Crabtree is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 668 Ridge Road, Caryville, Tennessee 37714.

4. Defendant Dakota Williams is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 115 Watertown Lane, Jacksboro, Tennessee 37757.

5. Defendant Sean Brown is a citizen and resident of Campbell County, Tennessee and can be served at his last known address: 136 Wood Lane, Jacksboro, Tennessee 37757

6. Upon information and belief, the numerous unknown "John Doe" Defendants were involved in the excessive force and failure to provide adequate medical care for a serious medical need claims but because of the County's malfeasance are currently unknown to this Plaintiff or his counsel. Once such identities are discovered, Plaintiff will move to amend his Complaint to name the individual defendants. At all times material hereto, the yet unknown individual defendants were acting under color of state law.

## II. STATEMENT OF JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See U.S.C. §§ 1331, 1343(a)(3).

8. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U. S.C. § 1391 (b)(1) and/or (2).

9. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## III. STATEMENT OF FACTS

10. Plaintiff, Nathan Ling, was arrested and charged with evading arrest on June 1, 2019. The underlying arrest was made based on a call from a citizen's 911 report of a suspicious vehicle in the area of Wildwood Circle in LaFollette, Tennessee.

11. When the Campbell County Sheriff's Office responded to the 911 call, they identified the vehicle and found three occupants, Nathan Ling, Kaitlyn McDaniel, and Jaevon Dayshawn Jones inside.

12. During the investigation, the Campbell County Sheriff's Department discovered that the suspect vehicle had been reported stolen in the state of Michigan. Ms. McDaniel admitted to taking the vehicle from her grandparents without their permission.

13. Further, during the investigation, it was discovered that active felony warrants were pending against Mr. Ling in the state of Michigan. In response, a deputy with the Campbell County Sheriff's Department attempted to place Mr. Ling in custody.

14. Mr. Ling then attempted to flee the scene and was chased by two Campbell County deputies.

15. During the pursuit, Mr. Ling injured his arm and was apprehended by the deputies and placed into custody.

16. In response to Mr. Ling's injury, the Campbell County Sheriff's Department called EMS personnel to the scene to evaluate his wound. During the examination, Mr. Ling became combative with paramedics and deputies.

17. Ultimately, Mr. Ling was cleared by EMS personnel and was transported from the scene to the Campbell County Correction Center arriving at approximately 12:30 a.m. on June 2, 2019.

18. Deputy Justin Crabtree transported Mr. Ling from the scene to the jail. For all times material, Mr. Ling was restrained by handcuffs with his hands behind his back.

19. Upon arrival, Deputy Crabtree removed Mr. Ling from the back seat of his cruiser and then threw him aggressively toward the floor of the sally port.

20. Deputy Crabtree then violently shoved Mr. Ling against the wall and door at the jail's entrance before entering the jail's intake area.



21. Once inside the intake area, Deputy Crabtree is then accompanied by at least two correctional officers with the Campbell County Sheriff's Department, Dakota Miller and Sean Brown.

22. Deputy Crabtree then placed one hand on Mr. Ling's left arm and one behind his neck; positioned Mr. Ling to face the intake counter and window; and then, with intense and overwhelming force, slammed the handcuffed Mr. Ling's head against the counter and metal window frame. These acts were committed in clear view of correctional officers Miller and Brown.

4



23. Following this unprovoked and unnecessary violent use of force, Mr. Ling was handed over to correctional officers Miller and Brown.

24. Upon the being placed in the control of Miller and Brown, Mr. Ling attempted to raise himself up from the intake counter. Deputy Crabtree then assisted Miller and Brown in violently slamming Mr. Ling to the floor of the Campbell County Correction Center's intake room.



25. While the handcuffed Mr. Ling was restrained on the floor, Deputy Crabtree proceeded to strike Mr. Ling in the face at least two times. As a result of these blows, Mr. Ling's nose began to gush blood profusely onto the floor. At no time during this assault was Mr. Ling resisting or in any position to threaten the officers or others.



26. Correction officers Miller and Brown and Deputy Dakota Williams then joined in with Deputy Crabtree in keeping Mr. Ling pinned against the floor. Officer Brown and Deputy Williams then engaged in the continuing and unnecessary assault of the restrained Mr. Ling as he lay helpless on the floor.



27. While laying beaten, injured, restrained and in a pool of his own blood, correction officer Brown then proceeded to spray Mr. Ling with some type of chemical agent.

28. A spit mask was then placed over Mr. Ling's head and while he was still laying on the floor of the Campbell County Correction Center's intake room, Deputy Crabtree appeared to take a photograph of Mr. Ling in this degrading and emasculating position.



7



29. At approximately 12:43, Mr. Ling was finally taken from the intake room to the Campbell County Correction Center's decontamination area.



30. While in the decontamination area, Mr. Ling laid virtually motionless for some time only showing signs of life when he would occasionally spasm involuntarily.

8



31. After some time, Mr. Ling began to regain some indicia of consciousness and attempted to sit up and remove the spit mask.



32. After removing the spit mask, Mr. Ling attempted to find a comfortable position within the confines of the decontamination area despite his injures. As Mr. Ling lay in the floor, going in and out of consciousness, he lost control of his bladder function and urinated on himself.



33. Over the next few hours, unidentified corrections officers would enter the doorway of the decontamination area and look inside, but failed to physically check on Mr. Ling's despite his obvious distress.

34. Mr. Ling was provided no medical attention from the brutal injuries he sustained at the hands of the Campbell County deputies until approximately 7:14 a.m. after the Campbell County Correction Center's shift change.

35. Upon the shift change, multiple officers and jail personnel entered the decontamination area where he was evaluated for an extended period of time. The first medical attention he received was not until approximately 7:20 a.m.

10



36. In response to his injuries, Mr. Ling was transported to the emergency department at LaFollette Medical Center; however, his injuries were so severe he was airlifted to the University of Tennessee Medical Center where he was diagnosed with a pneumothorax (collapsed lung); orbital fracture (bones surrounding the eye socket); maxillary fracture (bridge between the cranial base and the dental plate); nasal bone fracture; closed fracture of the greater tuberosity of the left humerus (prominent area of bone at the top of the humerus); and traumatic brain injury.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. § 1983
### Fourteenth Amendment Violation – Excessive Force; Deliberate Indifference to Plaintiff's Right to Adequate Medical Treatment for a Serious Medical Need

### Individual Liability

37. Plaintiff hereby incorporates paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the Unites States of America.

39. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendants from using excessive force against a pre-trial detainee in Campbell County Correction Center.

40. Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

41. The Fourteenth Amendment to the United States Constitution also requires that a pre-trial detainee be provided adequate medical care while in the custody of any governmental entity.

42. Deliberate indifference to the serious medical needs of a pre-trial detainee violates the Due Process Clause of the Fourteenth Amendment where treatment is delayed or denied when an objectively reasonable person would conclude medical treatment was needed based upon the facts and circumstances there present.

43. Upon information and belief, the individual defendants slammed Mr. Ling into a wall, counter top, window frame, violently threw him to the ground, punched him in and about his face, sprayed him with a chemical agent, placed a spit mask over his head while he was prostrate and restrained with handcuffs behind his back lying in a pool of his own blood, and then humiliated him by taking a degrading and emasculating photograph of him in this bruised, bloody and battered state.

44. Any reasonable observer, given the facts and circumstances of this beating, would come to the unavoidable conclusion that these Defendants' conduct was objectively unreasonable so as to be unacceptable in a civilized society and shocking to the conscious. On any objective scale, the actions and conduct of the individual Defendants constitute an arbitrary and capricious exercise of governmental power and constitutes excessive force in violation of the Due Process Clause of the Fourteenth Amendment.

45. In addition, these individual Defendants as well as the John Doe Defendant(s) officers had actual knowledge based on the video, and the acts of their coworker Defendants who assaulted Mr. Ling that he was suffering a serious medical condition and in need of immediate and adequate medical care and were instrumental and complicit in the unreasonable delay and/or denial of same.

46. Upon information and belief, the John Doe Defendant(s) had actual knowledge of the assault on Mr. Ling carried out by Deputy Crabtree, and correction officers Williams and Brown; they also had actual knowledge of his medical condition from the video of the incident and Mr. Ling's complaints of pain and suffering. These unknown Defendants thus had actual knowledge of Mr. Ling's condition, and they simply refused to afford him the healthcare that he required by forcing him to suffer for approximately seven (7) hours until the next shift arrived.

47. Mr. Ling was in severe pain during this time, but he received no care whatsoever for approximately seven (7) hours in violation of his due process rights under the Fourteenth Amendment to the United States Constitution.

48. As a result of the officer's deliberate indifference to Mr. Ling's right to be free from excessive force and to be afforded adequate medical care for a serious medical need, Mr. Ling was injured as noted hereinbefore.

49. Plaintiff therefore sues the individual officers for their deliberate indifference to and violation of his right to be free from excessive force and to his right to adequate medical care for a serious medical need. He seeks the following relief:

   a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life;

   b. Punitive damages; and

   c. Attorney's fees pursuant to 42 U.S.C. § 1988.

## Municipal Liability

50. Plaintiff hereby incorporates paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. The Due Process Clause of the Fourteenth Amendment prohibits Defendant Campbell County, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the municipality.

52. Upon information and belief, Campbell County is liable to Mr. Ling pursuant to 42 U.S.C. § 1983 based on its history of prior incidences where its officers used excessive force against inmates and pre-trial detainees; this history of similar incidences constitutes a custom thereby rendering the county liable.

53. Upon information and belief, Campbell County failed to adequately train its officers for proper tactics and procedures when said officers encounter pre-trial detainees who are restrained and handcuffed behind their backs. Upon information and belief, Campbell County has also failed to adequately train its officers who observe other officers engaging in excessive force as to their duty to intervene.

54. Upon information and belief, the individual Defendants' beating of Mr. Ling was a direct result of this improper training, the lack of sufficient policies and procedures, and/or custom. Upon information and belief, had the officers been properly trained, they would have employed other tactics in dealing with Mr. Ling which would not have resulted in life altering injuries.

55. In this case, the individual Defendants' use of force against the restrained and compliant Mr. Ling, evidences a complete lack of training in proper procedures and methods related to dealing with individuals such as Mr. Ling.

56. Additionally, a governmental entity may be held liable where its supervisory officials and officers ratify an illegal action of lower-tier officers and employees.

57. Upon information and belief, supervisory officers and officials of the county, including but not necessarily limited to the Sheriff's Department, engaged in an attempt to avoid further liability and embarrassment by not pursuing criminal charges and/or disciplinary actions against officers Williams and Brown as well as any unknown Defendant(s) for their involvement in the beating, and denial and/or delay in providing adequate healthcare to Mr. Ling who was in serious need of medical attention following the officers' assault.

58. These actions of the supervisory officers/officials constitute ratification under section 1983 precedent, and likewise render Campbell County liable to Mr. Ling.

59. Campbell County is liable to Mr. Ling because its customs, policies, and procedures were the proximate cause of the individual officers' deliberate indifference to Mr. Ling's constitutional right to be free from the use of excessive force and to his right to adequate medical treatment for a serious medical need.

60. Mr. Ling therefore sues Campbell County and seeks the following relief:

   a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and

   b. Attorney's fees pursuant to 42 U.S.C. § 1988.

### B. Tenn. Code Ann. § 29-20-202 et seq. Tennessee Governmental Tort Liability Act – Negligence

61. Plaintiff hereby incorporates paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Campbell County was at all times hereto responsible for the operation and the supervision of its Correction Center and its employees.

63. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed Mr. Ling a duty of care to be free from excessive force and to provide him with adequate medical care while he was detained.

64. These Defendants breached the duty of care as set forth herein and are therefore liable to Mr. Ling pursuant to the Act.

65. Mr. Ling sues these Defendants under the Act for all the reasons previously set forth herein, which are causally related to his injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

### C. Intentional Infliction of Emotional Distress Claim
### Against Individual Defendants

66. Plaintiff hereby incorporates paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. As described above, the conduct of Defendants Crabtree, Williams and Brown along with the unnamed John Doe Defendants on June 2, 2019 was extreme and outrageous, including without limitation using malicious and excessive force against Mr. Ling without provocation or justification, humiliating him by taking photographs of him while he was in a defenseless and impotent position, and inflicting serious physical harm to Mr. Ling and then denying him medical attention for those injuries for over seven (7) hours while he suffered and urinated himself.

68. Defendants either intended to inflict emotional distress upon Mr. Ling when engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

69. Defendants' conduct caused Mr. Ling to suffer severe emotional distress that no reasonable person could be expected to endure.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court grant relief as follows:

   a. Issue process, requiring the Defendants to answer this Complaint;

   b. Empanel a jury to try this cause;

   c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $25,000,000.00;

d.  Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;

e.  Award punitive damages against all Defendants, except for Campbell County, Tennessee, pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $25,000,000.00;

f.  Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;

g.  Award costs of this action including discretionary costs; and

h.  Award any other or further relief to which he may be entitled.

Respectfully submitted this 11th day of June, 2021.

/s/ *Tony Seaton*
Tony Seaton, BPR 7279
Law Offices of Tony Seaton & Associates, PLLC
118 E Watauga Ave
Johnson City, TN 37601
E-mail: tony@tonyseaton.com
Phone: (423) 282-1041
Fax: (423) 282-0967
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2021, a copy of the foregoing was filed electronically using the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Tony Seaton*
Tony Seaton